UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

NATIONAL RIFLE ASSOCIATION OF
AMERICA,

          Plaintiff/Counter-Defendant,

v.

LOCKTON AFFINITY SERIES OF
LOCKTON AFFINITY, LLC, and
KANSAS CITY SERIES OF LOCKTON
COMPANIES, LLC,

          Defendants/Counter-Plaintiffs.

Civil Action No.: 1:18-cv-00639-LO-JFA

## JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant National Rifle Association of America and Defendants/Counter-Plaintiffs Lockton Affinity Series of Lockton Affinity, LLC and Kansas City Series of Lockton Companies, LLC (each a "Party," and collectively, the "Parties"), by their respective undersigned counsel, hereby agree and stipulate, subject to the approval of the Court, that the following Joint Stipulation and Protective Order (the "Order") shall govern the disclosure, handling, and use of documents, deposition testimony and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed, whether voluntarily or in response to a request made pursuant to the Federal Rules of Civil Procedure, in discovery in the above-captioned action (the "Litigation"), because discovery in the Litigation may involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting or defending this Litigation, would be warranted.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles and the terms of this Order.

The Parties further acknowledge that no provision in this Order is intended to provide for the prospective filing of confidential information under seal with the Court. Any Party intending to file material under seal with the Court must comply with the requirements of Rule 5 of the Local Civil Rules for the United States District Court for the Eastern District of Virginia (the "Local Rules").

1.    **DEFINITIONS**

(a)    Confidential Discovery Material. Any Discovery Material designated as "CONFIDENTIAL" pursuant to Paragraph 3(a)(i) hereto, or "ATTORNEYS' EYES ONLY" pursuant to Paragraph 3(a)(ii) hereto.

(b)    Derivative Information. As defined in Paragraph 3(c) hereto.

(c)    Designating Party. Any person or entity, whether a Party or Non-Party, that designates Discovery Material in this Litigation.

(d)    Discovery Material. Any information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admissions, and any other information or material produced, given or exchanged in this Litigation, regardless of the medium or manner generated, stored or maintained.

(e)    Non-Party. Any person or entity that is not a Party to the Litigation.

(f)    Objecting Party. As defined in Paragraph 8(b) hereto.

(g)    Producing Party. Any person or entity, whether a Party or Non-Party, that produces Discovery Material in the Litigation.

- 2 -

    (h)    <u>Protected Material</u>. As defined in Paragraph 7(a) hereto.

    (i)    <u>Receiving Party</u>. Any Party receiving Discovery Material in the Litigation.

## 2.    PURPOSES AND LIMITATIONS

Confidential Discovery Material shall be used solely for purposes of the prosecution or defense of this Litigation. The Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Confidential Discovery Material in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Confidential Discovery Material is (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons, as described in Paragraph 4 hereto. The attorneys of record for the Parties are responsible for employing reasonable measures, consistent with this Order, to control access to, duplication of, and distribution of copies of Discovery Material marked "Confidential."

## 3.    DESIGNATING DISCOVERY MATERIAL

    (a)    <u>Confidential Designations</u>.

    (i)    Any Producing Party may designate Discovery Material it produces as "CONFIDENTIAL" if that party believes in good faith that such Discovery Material constitutes or contains information that is confidential under statute, rule, or other applicable law, including documents, information, or other tangible things which are confidential, proprietary, trade secrets, product research or development, or commercially sensitive business or financial information, customer or client information, or personal information which is not generally known or publicly available and which the party making the designation would not normally reveal to third parties or would cause third parties to maintain in confidence, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure., , .

    (ii)    Any Producing Party may designate Discovery Material it produces as "ATTORNEYS' EYES ONLY" if that party believes in good faith that any information or

materials it is disclosing constitute, contain, embody or reflect sensitive personal information, such as names, addresses, or social security numbers, pertaining to individual NRA members or insurance policy holders.

(b)   Manner of Designations.   For purposes of this Order, Producing Parties shall designate Confidential Discovery Material in the following manner:

(i)   In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures, and other written information), the Producing Party shall mark such Discovery Material with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", as the case may be, on each page of the relevant materials at the time of their production.  PowerPoint presentations, and any speaker notes from PowerPoint presentations, shall be produced as TIFF images, and each TIFF image shall bear a document control number and the confidentiality designation, if any.  Excel spreadsheets, if produced by any Party in native format, and any other native files that may be produced, shall be produced by such Party with a corresponding, placeholder TIFF bearing a document control number and the confidentiality designation, if any.

(ii)   In the case of materials produced in the form of electronic or magnetic media (including information, tiles, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes), the Producing Party shall affix a label on the media or its casing indicating its designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and, if possible, shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation.

(iii)   In the case of depositions, counsel for any Party may designate as "Confidential" any portion of a deposition transcript, including any rough draft transcript, deemed

to contain Confidential Discovery Material. The Designating Party shall advise the court reporter and counsel of record of the testimony containing the Confidential Discovery Material, either orally at the deposition, or in writing to all Parties no later than thirty (30) days after receipt of the transcript or rough draft transcript of such depositions or other pretrial testimony. The court reporter shall mark "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the first page of the transcript and from the beginning through the end of any portions thereof designated as "Confidential"or "Attorneys' Eyes Only." Until the expiration of the 30-day period, the Parties shall treat the entirety of any transcript, including any rough draft transcripts, as Confidential Discovery Material. Thereafter, only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. Discovery Material previously designated as "Confidential" that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter.

(iv)    In such cases where the marking of each piece of Discovery Material as "Confidential" or "ATTORNEYS' EYES ONLY" is impractical or impossible, the Producing Party shall designate in writing the Discovery Material that it regards as containing Confidential Discovery Material at the time of its production.

(c)    Derivative Information.    Extracts, summaries, compilations and descriptions of Confidential Discovery Material and notes, electronic images or databases containing Confidential Discovery Material ("Derivative Information") shall be treated as "Confidential" or "ATTORNEYS' EYES ONLY" in accordance with the provisions of this Order

to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

        (d)    <u>Failure to Designate</u>.  If a Producing Party produces Discovery Material that it considers to be "Confidential" or "ATTORNEYS' EYES ONLY" without affixing the appropriate legend(s) to such Discovery Material, produces two or more identical copies of Discovery Material (*i.e.*, duplicates) with inconsistent legends, or fails to designate deposition or other testimony within the 30-day period provided in Paragraph 3(b)(iii), or if a Party fails to designate Discovery Material produced by a Non-Party within the 60-day period provided in Paragraph 12(c), the Producing Party or the Party failing to designate Discovery Material produced by a Non-Party, as applicable, may subsequently designate such Discovery Material as "Confidential" or "ATTORNEYS' EYES ONLY" by, promptly upon learning of the production without the required legend(s), delivering to the Receiving Parties or, in the event of a production by a Non-Party, all Parties (i) written notice of such designation and (ii) properly designated copies of such Discovery Material, with the effect that such Discovery Material will thereafter be fully subject to the protections afforded by this Order.  The Receiving Party or, in the event of a production by a Non-Party, all Parties must make a good faith effort to retrieve such Discovery Material, if disclosed to persons not permitted by this Order.  Nothing in this Order shall prevent a Producing Party or Non-Party, in good faith, from correcting the designation of information that already has been produced to another party in undesignated form or with a different designation, or designating as "Confidential" or "ATTORNEYS' EYES ONLY" information that has previously been produced in undesignated form or with a different designation by another Producing Party or Non-Party.

(e)     No Waiver.  Disclosure by the Producing Party of Discovery Material designated as "Confidential" or "ATTORNEYS' EYES ONLY" regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or a related subject matter.

**4.      ACCESS TO AND USE OF DESIGNATED DISCOVERY MATERIAL**

(a)     Use of Confidential Discovery Material.  No person shall disclose, or cause another person to disclose, Confidential Discovery Material to any other person except as provided in this Order. A recipient of Confidential Discovery Material may disclose, summarize, describe, characterize or otherwise communicate or make available Confidential Discovery Material designated "Confidential", in whole or in part, only to the following persons, and only insofar as such provided below:

(i)      outside counsel for the Parties in this Litigation, and the regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the Litigation, provided, however, that in all instances, any disclosure is for use in accordance with this Order;

(ii)     a Party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with respect to, the Litigation, or, in the case of an individual Party, the Party himself or herself;

(iii)    a Party's current or former employees and directors who have agreed to be bound by this Order by executing Exhibit A hereto;

(iv)     independent experts or consultants and their employees and/or staff members engaged by outside counsel for a Party to prepare a written opinion, testify or assist

- 7 -

counsel for a Party in the Litigation, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation, and provided further, that such expert or consultant has signed an undertaking in the form attached as Exhibit A hereto;

(v)     any witness during their deposition or other proceeding in this Litigation. All such witnesses, and their counsel, will be bound by the provisions of this Order, and no such witnesses or deponents or their counsel (except to the extent the counsel represents a Party) shall be permitted to retain any Confidential Discovery Material;

(vi)     any fact witness in this Litigation or any person whom a Party's counsel believes in good faith will testify in this Litigation, and his or her counsel, to the extent the information or material designated "Confidential" disclosed to such person relates to the anticipated subject matter of the witness's testimony, and provided that such witness and his or her counsel has signed an undertaking in the form attached as Exhibit A hereto and is not provided by the Receiving Party with copies of such Confidential Discovery Material for his or her retention. Counsel shall safeguard all such documents, furnish them one at a time to the witness in preparations, collect and safeguard them after each individual use, not permit the witness to copy or take notes concerning such documents and, at the time of testimony, represent at the inception of the witness's testimony adherence to this Order;

(vii)     the original source of information reflected in Confidential Discovery Material, provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention, and provided further that, if such source was not the author or

recipient of such Confidential Discovery Material, only the portion of such Confidential Discovery Material reflecting information provided by the source may be disclosed to the source;

(viii)   any person who is identified as an author or recipient of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including by testimony), provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention;

(ix)   court reporters and videographers and their respective staffs retained in connection with the Litigation;

(x)   the Court, necessary Court personnel and jurors;

(xi)   any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution, provided that such meditator, arbitrator, or other person has signed an undertaking in the form attached as Exhibit A hereto; and

(xii)   any other person agreed upon in advance by all Parties in writing or on the record or any person as to whom the Court directs should have access.

(b)   Information, documents and things designated as "Attorneys' Eyes Only " shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons or entities referred to above in sub-paragraphs 4(a)(i), 4(a)(iv), 4(a)(ix)-(x), and 4(a)(xii).

(c)   Absent an order of the Court directing otherwise, there is no requirement that a Party who discloses information or items designated as "Confidential" or "ATTORNEYS' EYES ONLY" disclose the identities of the recipients of such information or produce any executed Exhibit A, attached hereto.

- 9 -

(d)     Disclosure to Unauthorized Persons.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) use best efforts to retrieve all copies of the Confidential Discovery Material, (iii) inform the person or persons to whom unauthorized disclosure was made of all of the terms of this Order, and (iv) request that such person or persons execute the undertaking in the form attached as Exhibit A hereto.

(e)     Use by Additional Parties.  In the event that additional persons or entities become parties to the Litigation (the "New Party"), neither their outside counsel nor experts or consultants retained to assist such counsel shall have access to Confidential Discovery Material produced by or obtained from any other Producing Party until the New Party has executed and filed with the Court a copy of this Order.

(f)     Limitations on Use.  Every person or entity given access to Confidential Discovery Material contained therein:

(i)     shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Litigation, and each such copy is to be treated in accordance with the provisions of this Order; and

(ii)    shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

5.     **FILING CONFIDENTIAL DISCOVERY MATERIAL**

In the event that a Receiving Party determines to file with the Court any papers containing or making reference to any Confidential Discovery Material produced by a Producing Party, such papers, or any portions thereof containing or making reference to such Confidential Discovery

- 10 -

Material, shall be filed under seal and, in the above-captioned action, in accordance with Local Rule 5. If a Receiving Party's request to file Confidential Discovery Material under seal is denied by the Court, then the Receiving Party may file the Discovery Material un-sealed unless otherwise instructed by the Court.

6.      **USE OF CONFIDENTIAL DISCOVERY MATERIAL IN COURT**

Unless applicable rules or the Court provide for different notice, if any Receiving Party plans to utilize any Confidential Discovery Material at a court hearing, conference, or trial, that Receiving Party will use reasonable efforts to inform the Producing and/or Designating Party of its intent to use such information in advance of seeking to introduce it, without being obligated to identify the particular Confidential Discovery Material to be used.  Whether or not any such advance notice is given, the Receiving Party will provide the Producing and/or Designating Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential Discovery Material before reference is made to any such Confidential Discovery Material.  This provision is not intended to prohibit counsel from selecting and using Confidential Discovery Material for any court hearing or conference.

7.      **CLAWBACK OF PROTECTED MATERIAL**

(a)              <u>Production Not a Waiver.</u>  It is the intent of the Parties to assert and preserve all information within the attorney-client privilege, any other applicable privilege, and/or entitled to work product protection.  Pursuant to Federal Rule of Evidence 502(d), production or disclosure of any Discovery Material in the Litigation or any other proceeding that the Producing Party subsequently claims is protected from discovery or disclosure, in full or part, by the attorney-client privilege, the attorney work product doctrine, and/or any other additional privilege, immunity, or protection, including, but not limited to, the joint defense or common interest doctrines, or

- 11 -

applicable laws and regulations (together, "Protected Material"), shall not be deemed to be a waiver of those protections with respect to the Protected Material, the subject matter of the Protected Material, or the right to object to the production or disclosure of the Protected Material in this Litigation or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b)     Clawback Procedure.  If information produced in discovery is subject to a claim of attorney-client privilege, any other applicable privilege, and/or entitled to work product protection, the Producing Party shall follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B). For any such materials, any Party opposing a Producing Party's assertion of attorney-client privilege, any other applicable privilege, and/or entitlement to work product protection shall not assert as a ground for opposing such an assertion that the Producing Party waived any privilege or protection because of inadvertent production in this Litigation.

## 8.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)          Failure to Challenge Not a Waiver.  A Party shall not be obligated to challenge the propriety of the designation of Discovery Material as "Confidential" or a failure to so designate at the time of the designation, and the failure to so challenge shall not waive or otherwise preclude a subsequent challenge to such designation or failure to designate in accordance with Paragraph 8(c) hereto.

(b)     Time to Challenge Designation.  A Party may object to the designation of Discovery Material as "Confidential" (the "Objecting Party"), or a failure to so designate, at any time.

(c)     Procedure for Challenging Designation.  In the event that a Party wishes to challenge the designation of any Discovery Material as "Confidential" or a failure to so designate, the Objecting Party shall give written notice to counsel for the Producing Party and all Parties in

the Litigation of the reasons for the objection. The Objecting Party and the Producing Party shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by agreement within ten (10) days from when they are first made, the Objecting Party may, in accordance with Paragraph 5, submit the issue to the Court at any time. Any Discovery Material as to which such an issue is raised shall continue to be treated as Confidential Discovery Material until the Court's decision on the issue or the Producing Party withdraws such designation in writing, or, if the challenge is for a failure of a Party to designate Discovery Material as "Confidential," such Discovery Material shall be treated at the level sought by the Objecting Party until the Court's decision on the issue or the Objecting Party withdraws such objection in writing.

9.    **FINAL DISPOSITION**

The provisions of this Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Litigation. Within sixty (60) days after receiving notice of entry of an order, judgment, or decree finally ending the Litigation, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Confidential Discovery Material shall, upon request of the Producing Party, make commercially reasonable efforts to identify and destroy all such Confidential Discovery Material, including all copies thereof and Derivative Information, or return such materials to counsel for the Producing Party, provided that no Receiving Party shall be required to remove the Producing Party's Confidential Information from its email archives and backup tapes, or destroy Confidential Discovery Material to which a right retain such Confidential Discovery Materials otherwise exists. Outside counsel for the Parties shall be entitled to retain work product, court papers, deposition transcripts and trial transcripts that contain, reference or constitute Confidential Discovery Material, as well as any such materials that are subject to a litigation hold or document retention obligation in another matter; provided, however, that such

outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Order.

## 10.   **LEGAL PROCESS**

If a Receiving Party is subpoenaed in another proceeding or served with a document demand or other similar legal process in another proceeding, including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body, and such subpoena or document demand seeks Confidential Discovery Material that was produced by a person or entity other than the recipient of such subpoena or document demand, the Receiving Party shall, unless otherwise required or prohibited by law, give written notice, within seven (7) business days of receipt, to counsel for the Producing Party that designated the Discovery Material as "Confidential" or "ATTORNEYS' EYES ONLY" in this Litigation. The Receiving Party shall not voluntarily make any production of the Confidential Discovery Material until resolution of any objections interposed by the Producing Party, including, but not limited to, objections in the form of a motion to quash or modify the subpoena, unless compelled or otherwise required by law. The Receiving Party shall make a good faith effort to provide the Producing Party a reasonable period of time in which to seek to quash the subpoena or document demand, or to move for any protection for the Discovery Material, before the Receiving Party takes any action to comply with the subpoena or document demand and shall request, by designation pursuant to a protective order or otherwise, the highest level of confidentiality protection available consistent with the designation of that Discovery Material pursuant to this Order. Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring production of Discovery Material designated as "Confidential" in this Litigation.

11.   **PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS**

This Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose.  Similarly, this Order has no effect upon, and shall not apply to, any information or material that: (i) was, is or becomes public knowledge, not in breach of this Order; (ii) is acquired, developed or learned by the Receiving Party independent of discovery in this Litigation; or (iii) is required by law to be made available to third parties.

12.   **NON-PARTIES**

(a)          Protection for Non-Parties.  Any Non-Party from whom Discovery Material is or has been sought in this Litigation may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and designating that its provision of Discovery Material is subject to the Order.

(b)     Duty to Notify Non-Parties.  The subpoenaing or requesting party shall advise any Non-Party from whom Discovery Material is sought of the existence of this Order and its right to obtain its protections.

(c)     Right of Party to Designate.  To the extent that any Non-Party produces Discovery Material in this Litigation that contains Confidential Discovery Material of a Party to this Litigation, that Party may designate such Discovery Material as "Confidential" or "Confidential Attorneys' Eyes Only," for purposes of this Order by delivering written notice of such designation to the Parties within forty-five (45) days of receipt by counsel for all Parties of the Non-Party's production of such Discovery Material.  Until the expiration of the 45-day period, the Parties shall treat any Discovery Material produced by a Non-Party as Confidential Discovery Material.  Thereafter, only those portions of such Discovery Material designated as "Confidential" shall be deemed Confidential Discovery Material.

- 15 -

13.  **MISCELLANEOUS**

(a)      Notice. Any notice required or permitted to be given for any purpose under this Order shall be sufficient if made, given, furnished, or filed, in writing, to: (a) counsel for Plaintiff/Counter-Defendant National Rifle Association of America, ~~William A. Brewer III,~~  Michael L. Smith, and Sarah B. Rogers, Brewer, Attorneys & Counselors, 750 Lexington Avenue, Floor 14, New York, New York 10022; (b) counsel for Defendants/Counter-Plaintiffs Lockton Affinity Series of Lockton Affinity, LLC and Kansas City Series of Lockton Companies, LLC, Scott A. Edelman, Tawfiq S. Rangwala, and Brent T. Culpepper, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York 10005-1413.

(b)      Other. Entering into or agreeing to this Order, producing or receiving Confidential Discovery Material, or otherwise complying with the terms of this Order, shall not:

(i)      operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" or "ATTORNEYS' EYES ONLY" by the Producing Party is appropriately designated as such;

(ii)      prevent any Party from seeking further, greater or lesser protection with respect to the use of any Confidential Discovery Material, in connection with this Litigation or any other proceeding;

(iii)      prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(iv)      waive any applicable privilege, protection or immunity;

(v)      waive a Party's right to move the Court for an order allowing disclosure of Confidential Discovery Material for good cause;

- 16 -

   (vi) prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purported Confidential Discovery Material;

   (vii) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

   (viii) affect, or be construed to affect, in any way the admissibility of any document, interrogatory response, or other evidence at hearings or trial of the Litigation.

   (c) <u>Modification</u>.  It is the present intention of the Parties that the provisions of this Order shall govern discovery in the Litigation.  Nonetheless, the Parties hereto may modify the terms of the Order by agreement of all Parties in writing, and approval by the Court.

   (d) <u>Survival</u>.  The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Litigation.

   (e) <u>Meet and Confer</u>.  The Parties agree to meet and confer concerning any dispute between the Parties regarding this Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

   (f) <u>Execution</u>.  This Order may be executed in any number of actual, telecopied, or emailed counterparts, and by each of the different Parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied, or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

   (g) <u>Effective Date</u>.  This Order shall become effective as a stipulation among the Parties immediately upon its execution.

Dated:  September 7, 2018

Respectfully submitted,

NATIONAL RIFLE ASSOCIATION OF
AMERICA

By: /s/ Robert H. Cox
    James W. Hundley (VSB No. 30723)
    Robert H. Cox (VSB No. 33118)
    Amy L. Bradley (VSB No. 80155)
    BRIGLIA HUNDLEY, P.C.
    1921 Gallows Road, Suite 750
    Tysons Corner, VA 22182
    (703) 883-0880
    jhundley@brigliahundley.com
    rcox@brigliahundley.com
    abradley@brigliahundley.com

Of Counsel:

 ~~William A. Brewer III (*pro hac vice*)~~
Michael L. Smith (*pro hac vice*)
Sarah B. Rogers (*pro hac vice*)
BREWER, ATTORNEYS &
COUNSELORS
750 Lexington Avenue, Floor 14
New York, NY 10022
(212) 489-1400
wab@brewerattorneys.com
mls@brewerattorneys.com
sbr@brewerattorneys.com

*Counsel for Plaintiff/Counter-Defendant*
*National Rifle Association of America*

Respectfully submitted,

LOCKTON AFFINITY SERIES OF
LOCKTON AFFINITY, LLC, and
KANSAS CITY SERIES OF
LOCKTON COMPANIES, LLC

By: /s/ Timothy J. McEvoy
    Timothy J. McEvoy (VSB No. 33277)
    Patrick J. McDonald (VSB No. 80678)
    CAMERON/MCEVOY PLLC
    4100 Monument Corner Drive, Suite 420
    Fairfax, VA 22030
    (703) 460-9341
    tmcevoy@cameronmcevoy.com
    pmcdonald@cameronmcevoy.com

Of Counsel:

    Scott A. Edelman (*pro hac vice*)
    Tawfiq S. Rangwala (*pro hac vice*)
    Brenton T. Culpepper (*pro hac vice*)
    MILBANK, TWEED, HADLEY &
    McCLOY LLP
    28 Liberty Street
    New York, NY 10005-1413
    (212) 530-5000
    sedelman@milbank.com
    trangwala@milbank.com
    bculpepper@milbank.com

*Counsel for Defendants/Counter-Plaintiffs*
*Lockton Affinity Series of Lockton Affinity, LLC,*
*and Kansas City Series of Lockton Companies,*
*LLC*

SO ORDERED:

Dated: **September 13, 2018**

_____ /s/ _____
John F. Anderson
United States Magistrate Judge
THE HONORABLE JOHN F. ANDERSON
UNITED STATES MAGISTRATE JUDGE

- 18 -

## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>          Plaintiff/Counter-Defendant,<br><br>v.<br><br>LOCKTON AFFINITY SERIES OF LOCKTON AFFINITY, LLC, and KANSAS CITY SERIES OF LOCKTON COMPANIES, LLC,<br><br>          Defendants/Counter-Plaintiffs. | Civil Action No.: 1:18-cv-00639-LO-JFA |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury, the following:

1.    I have read in its entirety and understand the Joint Stipulation and Protective Order, entered by Court on _____ in the above-captioned case (the "Order").

2.    I agree to comply with and to be bound by the terms of the Order.

3.    I understand and acknowledge that failure to comply with the terms of the Order could expose me to sanctions and punishment in the nature of contempt.

4.    I consent to the jurisdiction of the United States District Court for the Eastern District of Virginia for purposes of enforcement of the Order.

5.      Upon the conclusion of the Litigation and any appeals related thereto, or when I no longer have any reason to possess the Discovery Material, whichever shall first occur, I hereby agree, upon request, to return all copies of Discovery Material to the Party who furnished the same to me or certify that commercially reasonable efforts have been taken to destroy all such Discovery Material.

Dated: _____      By: _____